IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JESSE D. LUGARO,

    Petitioner,

v.                                       Civil Action No. 3:19CV288

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Jesse D. Lugaro, a Virginia inmate proceeding pro se, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 1). By Memorandum Order entered on May 8, 2019, the Court directed service of the § 2254 Petition on Respondent, Harold. W. Clarke. In his Motion to Dismiss, Clarke indicates that the § 2254 Petition should be dismissed because Lugaro has not exhausted his state remedies with respect to one claim. In response, Lugaro filed a MOTION TO WITHDRAW PETITION WITHOUT PREJUDICE and "asks this court for permission to withdraw my petition in relation to the above-styled case" . . . "without prejudice to the petitioner's ability to re-file after the resolution of the belated direct appeal in the state court." (Mot. Withdraw 1, ECF No. 12 (citations omitted.)

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the

claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. This Court has previously concluded that "where a petitioner has failed to exhaust state court remedies for all of his claims, the federal court must dismiss the petition without prejudice because the use of the stay and abeyance procedure for certain mixed federal habeas petitions is inapplicable." Payne v. Johnson, No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) (some internal quotation marks omitted) (quoting Banks v. Johnson, No. 3:07CV746-HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)); see also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (citation omitted) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.")

Both parties agree that Lugaro has not exhausted his state remedies with respect to all of his claims. Accordingly, the MOTION TO WITHDRAW PETITION WITHOUT PREJUDICE (ECF NO. 12) and the MOTION TO DISMISS (ECF No. 8) will be granted and the action will be dismissed without prejudice. Petitioner may file a § 2254 petition in this Court after he has exhausted his remedies in state court.

A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Lugaro and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: July 1, 2019
Richmond, Virginia